**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RICHARD KAMOVITCH,                   )
                                     )   No.: 2:23-cv-01627-RJC
        Plaintiff,                   )
                                     )
    v.                               )   Judge Robert J. Colville
                                     )
AMERICAN  ECONOMY  INSURANCE         )
COMPANY and GILBERT'S INSURANCE      )
AGENCY,  INC.,  d/b/a  Gilbert's Risk )
Solutions,                           )
                                     )
        Defendants.                  )

**<u>MEMORANDUM OPINION</u>**

Robert J. Colville, United States District Judge

Before the Court are Plaintiff, Richard Kamovitch's, Motion to Remand and Award Attorney's Fees (ECF No. 15) along with Plaintiff's Motion to Stay (ECF No. 17) Defendant, Gilbert's Insurance Agency, Inc. d/b/a Gilbert's Risk Solution's, Motion to Dismiss (ECF No. 12). The Motions have been fully briefed and are ripe for disposition.

I.      **Factual Background & Procedural History**

Plaintiff originated this case by filing a Complaint (ECF No. 1, Ex. 2, pp. 25-40) in the Court of Common Pleas of Allegheny County. Defendants timely filed a Notice of Removal (ECF No. 1) bringing this matter before this Court. In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

Plaintiff, a resident of Pennsylvania, was issued a Homeowner's Home Insurance Policy by American Economy through Gilbert. Compl. ¶¶ 2, 7. Plaintiff alleges that he retained Gilbert to determine the appropriate insurance coverage for the property at issue and that Gilbert advised

1

Plaintiff as to the amount and types of coverage to acquire.  *Id.* at ¶¶ 85-86.  Gilbert then sold Plaintiff the American Economy insurance policy.  *Id.* at 89.

The Policy at issue states that American Economy insured Plaintiff for "accidental direct physical loss to the property" at issue.  *Id.* at ¶ 8 (internal citations omitted).  The policy additionally provides coverage for "personal property, additional living expenses[,] and debris removal."  *Id.* at ¶ 9 (internal citations omitted).

At the time Plaintiff renewed the policy, "several endorsements were added upon request by 'agent or broker' including, 'replacement cost on roof surfacing for windstorm or hail losses.'" *Id.* at ¶ 10 (internal citations omitted).  Plaintiff alleges that the use of "agent or broker" references Gilbert.  *Id.* at ¶ 11.

On June 16, 2022, Plaintiff suffered loss to his property "when a windstorm with hail caused substantial damage to the property."  *Id.* at ¶ 12.  In sum, Plaintiff alleges that Defendant American Economy has failed to reimburse Plaintiff for the covered loss.  *See* Compl.  As a result, Plaintiff brings causes of action for breach of contract, bad faith, and vicarious liability against American Economy and for negligence against Gilbert.

Plaintiff filed his Complaint with the Court of Common Pleas on August 10, 2023. Defendants filed their Notice of Removal on September 11, 2023 (ECF No. 1).  Gilbert filed its Motion to Dismiss on September 18, 2023 (ECF No. 12).  On October 2, 2023, Plaintiff filed a Motion to Remand (ECF No. 15) and an accompanying Brief in Support (ECF No. 16) along with a Motion to Stay the Motion to Dismiss (ECF No. 17).  On October 16, 2023, Defendants filed a Brief in Opposition to the Motion to Remand.  ECF No. 18.

## II.    Legal Standard

"The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).  Original federal court jurisdiction can be based either on federal question jurisdiction or on diversity of citizenship jurisdiction. *USAA Fed. Sav. Bank v. Belfi*, No. CV 19-3607, 2020 WL 5763585, at *2 (E.D. Pa. Sept. 28, 2020).  Defendants removed this matter to the federal courts based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a), which provides that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2104 (1982).  "[T]here is no presumption that they have subject matter jurisdiction to adjudicate a particular case." *Allison v. Chesapeake Energy Corp.*, No. CIV.A. 12-0900, 2013 WL 787257 (W.D. Pa. Jan. 29, 2013) (quoting *Martin v. Wal-Mart Stores, Inc.,* 709 F. Supp. 2d 345, 346 (D.N.J. 2010)).  "When assessing a plaintiff's motion to remand, 'removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Belfi*, 2020 WL 5763585, at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).  As such, the Court views all removals with suspicion and heavily favors remand.  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

3

The facts available to the Court for a remand analysis are limited to those in the record, and such an analysis heavily favors the allegations of one party over the other. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). The Court's inquiry "must focus on the plaintiff's complaint at the time the petition for removal was filed" and "must accept as true all factual allegations in the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### A. Sum in Controversy

To establish that the matter in controversy exceeds the sum or value of $75,000, the moving party "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). There is no additional requirement for "evidentiary submissions." *Id.* Rather, based on the pleadings, courts should use "a reasonable reading of the value of the rights being litigated" to determine whether the sum in controversy meets the diversity of citizenship jurisdiction dollar-amount threshold. *Shiley*, 989 F.2d at 146.

### B. Establishing Citizenship

A person is considered a citizen of the state where he is, she is, or they are domiciled. *See Gilbert v. David*, 35 S. Ct. 164 (1915). A corporation or other similar entity (other than an unincorporated association) is a citizen "of every State . . . [in] which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c).

### C. Diversity of Citizenship

For diversity of citizenship jurisdiction to exist, the party asserting jurisdiction in federal court "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are [diverse] citizens." *Am. Motorists Ins. Co. v. Am. Emp'rs Ins. Co.*, 600

F.2d 15, 16 (5th Cir. 1979).  Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant.  If any two persons or entities on opposing sides are citizens of the same state, diversity is defeated, and the case would properly belong in state court.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

### D.  Fraudulent Joinder

That said, in determining whether parties have been properly joined for diversity purposes, the Court "is not required to accept blindly the factual allegations of the complaints.  It may go beyond the four corners of the pleadings in deciding the issue of fraudulent joinder, that is whether a claim against a defendant is wholly insubstantial and frivolous."  *Reith v. Teva Pharm. USA, Inc.*, No. 18-cv3987, 2019 WL 1382624, at *2 (E.D. Pa. Mar. 27, 2019).  If the Court does find that a non-diverse party was fraudulently joined simply to bar removal, such joinder will not destroy complete diversity for federal court jurisdiction purposes.  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Still, the removing party has a "heavy burden of persuasion," as courts will find that joinder is fraudulent only when "there is no reasonable basis . . . or colorable ground" to support joining a defendant.  *Am. Standard v. Steel Valley Auth.*, 484 U.S. 1021 (1988) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)).  Further, courts consider just the factual allegations in the record and strictly construe them against removal and, once again, resolve all doubts in favor of remand.  *Abels*, 770 F.2d at 29.

However, if under governing law a plaintiff is altogether barred from proceeding against a certain defendant, that would be grounds for a federal court to find joinder of that defendant non-colorable.  *In re Briscoe*, 448 F.3d 201 (3d Cir. 2006) (finding that where joinder violated the

5

state's statute of limitations, it was not colorable).  In other words, if, as a matter of law, a state

court would not even entertain the case against a particular defendant, then on the question of

diversity jurisdiction, the federal court should find the joinder of said defendant fraudulent.  *In re

Sch. Asbestos Litig.*, 977 F.2d 764, 851 (3d Cir.1992).  "If a district court can discern, as a matter

of law, that a cause of action is . . . barred under state law, it follows that the cause fails to present

even a colorable claim against the non-diverse defendant."  *Briscoe*, 448 F.3d at 219.

### III.   Discussion

#### A.  The Amount in Controversy

Plaintiff alleges that he sustained damages for unpaid contractual benefits estimated to be

$33,145.12 plus interest, costs, and any other relief the Court deems equitable, just, and proper.

Compl. p. 11.  Additionally, Plaintiff alleges that he is entitled to statutory damages including

interest, court costs, attorney's fees, punitive damages, and such other compensatory and/or

consequential and incidental damages.  Compl. ¶ 83.  Lastly, no party argues that the $75,000

amount in controversy requirement has not been met.  Therefore, the Court considers the $75,000

amount in controversy requirement for diversity jurisdiction satisfied.

#### B.  The Diversity of the Parties

Plaintiff, a resident of Pennsylvania, alleges that American Economy is incorporated in

Indiana and Gilbert is incorporated in Pennsylvania.[1]  Compl. ¶¶ 3, 5.  The Notice of Removal

asserts that there is diversity of citizenship as Gilbert is not a plausible defendant and that Plaintiff

fraudulently joined Gilbert in order to destroy diversity and bar this action from being tried in

federal court.  Not. of Removal, p. 11.  Plaintiff disputes this claiming that Gilbert is an appropriate,

---

[1] In the Notice of Removal, Defendants claim that American Economy is incorporated and has its principal place of business in Massachusetts.  Not. of Removal, p. 3.  Defendants agree that Gilbert is a Pennsylvania corporation.  *Id.*

6

non-diverse party.  As such, Plaintiff seeks remand of this action to the Court of Common Pleas of Allegheny County.

The undisputed record shows that Gilbert is a Pennsylvania corporation.  Therefore, the Court will proceed with the understanding that Gilbert is a non-diverse entity, and the only question before the Court is whether Gilbert is properly joined as a party here.

Defendants allege that Gilbert is not a proper party because Plaintiff has failed to assert a plausible cause of action against Gilbert.  Specifically, Defendants argue that the only cause of action against Gilbert is one for negligence and that the only factual allegations against Gilbert are that Gilbert obtained an insurance policy for Plaintiff from American Economy.  Resp. 4. Defendants argue that this is not enough to support a cause of action against Gilbert because Plaintiff was required to allege that Gilbert neglected to procure insurance, did not follow instructions, or that Gilbert is responsible for the policy being void or materially defective.  *Id.* at 5.  Therefore, Defendants argue that because Plaintiff has not identified any deficiency with the policy that would have led to a different coverage position, no colorable claim has been asserted against Gilbert and Gilbert was improperly joined.  *Id.* at 5-6.

Plaintiff argues that he has asserted a colorable negligence claim against Gilbert. Specifically, Plaintiff alleges that he initially reported his claim to Gilbert and that Gilbert's actions or inactions during the claim process may have contributed to American Economy's denial of Plaintiff's claim.  Br. in Supp. 4.  Additionally, Plaintiff alleges that even if his claims are insufficient to support a negligence cause of action against Gilbert, Plaintiff retains the right to amend his Complaint to add further facts.  *Id.*  In support of this argument, Plaintiff has attached his proposed Amended Complaint to his Motion to Remand.  Br. in Supp., Ex. 1.

Here, the court finds no indication that Plaintiff has acted in bad faith to fraudulently join Gilbert. Therefore, the Court must determine whether there is some reasonable basis in fact and some colorable legal ground to support a claim against Gilbert. Plaintiff asserts a negligence cause of action against Gilbert based on Gilbert's advise concerning the appropriate amount and type of coverage Plaintiff should acquire. Compl. ¶ 85. Further, Plaintiff alleges that Gilbert had a duty to act with reasonable care when procuring the insurance coverage and ensure that all aspects of the property, including the roof, were covered under the policy. *Id.* at ¶ 91. Based on these allegations, the Court must determine whether Pennsylvania law recognizes a cause of action for negligence against an insurance broker/agent under such circumstances. The Court finds that it does.

Despite arguments from Defendants to the contrary, numerous courts in the Third Circuit have held that Pennsylvania law recognizes a duty on the part of an insurance agent. *See Saracinaj v. Nationwide Insurance Co.*, CIVIL ACTION NO. 3:21-CV-793, 2022 WL 89841, at * (M.D. Pa. Jan. 7, 2022) (finding that an insurance broker had not been fraudulently joined where the plaintiff alleged that the broker "inspected the premises to be insured and allegedly made recommendations and gave assurances regarding coverage"); *Northwestern Mut. Life Ins. Co. v. Babayan*, No. Civ.A. 03-717, Civ.A. 03-1622, 2004 WL 1902516, at *20 (Aug. 25, 2004) ("In Pennsylvania, the duty of care owed to an insurance purchaser by and insurance agent on a claim of simply negligence is to obtain the coverage that a reasonably prudent professional insurance agent would have obtained under the circumstances.") (internal citations omitted); *Foremost Insurance Company Grand Rapids, Michigan v. Himmel*, 09-cv-02575, 2010 WL 11549852, at * (M.D. Pa. July 8, 2010) ("With regard to simple negligence, the duty owed by an insurance agent to an insured is to obtain

the coverage that a reasonable and prudent professional insurance agent would have obtained under the circumstances") (internal citations omitted).

Here, because Pennsylvania law permits insureds to sue their insurance agents under a theory of negligence and because Plaintiff has clearly alleged that Gilbert made recommendations and gave assurances regarding coverage, Plaintiff has alleged a colorable negligence claim that is recognized by Pennsylvania law.  It is not for the Court to determine, at this time, whether Plaintiff has adequately pled a cause of action for negligence under Rule 12(b)(6).  Therefore, the Court must conclude that Defendants have not shown that the claim against Gilbert is wholly insubstantial or frivolous.  As such, Plaintiff's Motion for Remand is granted, and this matter will be remanded to the Court of Common Pleas of Allegheny County.

### C.  Attorney's Fees

Because the Court has determined that remand is appropriate, the Court must consider whether Plaintiff is entitled to attorney's fees as requested.  The Supreme Court is clear that, "absent unusual circumstances attorney's fees should not be awarded when the removing party has an objectionably reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Here, the Court declines Plaintiff's request for attorney's fees because the Court cannot conclude that Defendants had no objectively reasonably basis for removal.  While the Court finds that Defendants have not met their heavy burden of establishing fraudulent joinder, the Court will not punish Defendants for raising the issue with the Court.

### IV.    Conclusion

For the reasons discussed above, the Court will Grant Plaintiff's Motion for Remand and remand this matter to the Court of Common Pleas of Allegheny County.  The Court will Deny

Plaintiff's request for attorney's fees.  Defendant, Gilbert's, Motion to Dismiss and Plaintiff's

Motion to Stay are dismissed as moot.  An appropriate Order of Court follows.

BY THE COURT:


/s/Robert J. Colville
Robert J. Colville
United States District Judge

DATED: August 22, 2024

cc: All counsel of record